IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAHIM R. CALDWELL, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | |
| | : | Civil No. 08-4102 (JBS-AMD) |
| v. | : | |
| VINELAND MUNICIPAL COURT, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |

SIMANDLE, District Judge:

This Court has reviewed the application of Plaintiff, Rahim R. Caldwell, for leave to proceed without prepayment of fees. Based upon his certified application, Mr. Caldwell is unable to afford the filing fee. Accordingly, his application is granted pursuant to 28 U.S.C. § 1915(a), and the Clerk of the Court will be directed to file the Complaint in this matter without prepayment of fees.

When a Complaint is filed <u>in</u> <u>forma</u> <u>pauperis</u> under Section 1915, as in this case, the Court is directed to preliminarily review the allegations of the complaint and to dismiss the case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted or seeks monetary relief against the defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2). In order to state a claim upon which relief may be granted, a plaintiff must also give a

defendant fair notice under Rule 8(a)(2) by supplying sufficient

allegations to make out a showing that the pleader is entitled to

relief, by specifying what the claim is and the grounds upon

which it rests.  Phillips v. County of Allegheny, 515 F.3d 224,

232 (3d Cir. 2008).  Thus, as the Supreme Court has determined in

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007),

the plaintiff must supply the grounds for his claim in order to

plausibly suggest that he is entitled to relief.  The law

requires more than "threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

     Plaintiff's claim in his Complaint in the present case

states in its entirety as follows:

> Jurisdiction - plaintiff claims his U.S.
> Constitutional rights were violated and this
> gives U.S. District Court jurisdiction of
> plaintiff's Complaint.
>
> Plaintiff claims the defendants violated
> plaintiff's constitutional rights by
> defendant Pagliughi stating he does have a
> bias and a prejudice against plaintiff, also
> that he's allowed to have a bias and a
> prejudice against plaintiff.  Defendant Velez
> did nothing when these constitutional
> violations occurred.  Plaintiff requests a
> trial by jury.

The Civil Cover Sheet names three defendants, namely, Vineland

Municipal Court, Scott P. Pagliughi, and Jose Velez.

     The Complaint suffers from numerous deficiencies that

require it to be dismissed for the following reasons.

First, the Complaint states no grounds upon which the claim is based.  The Complaint does not say when these events occurred, it does not identify who these defendants are or what role they played, it does not identify why Mr. Caldwell was in contact with the Vineland Municipal Court, and it makes no specification of what particular constitutional right was violated or what damage was caused.  The mere allegation of generalized "constitutional rights" is insufficient to state a claim under these circumstances because it is a mere label.

Moreover, the law is also quite clear that a claim for violation of constitutional rights is not enforceable directly under the Constitution, but rather through the procedural vehicles of 42 U.S.C. § 1983 and other civil rights statutes. Gonzaga University v. Doe, 536 U.S. 273, 284-85 (2002). Construing plaintiff's pleadings liberally, this Court interprets Plaintiff's Complaint to attempt to allege constitutional violations under 42 U.S.C. § 1983.

To state a claim for relief under Section 1983[1], a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

---

[1] The Court will not dwell upon these essential pleading requirements, of which Plaintiff is well aware, from his filing of more than 20 such suits in this District.

3

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Thus, it is well settled that a Section 1983 claim may only be brought against a "person."  See Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).  Here, plaintiff's claim against the Vineland Municipal Court, whatever that claim may be, must be dismissed because that entity is not a "person" capable of being sued under Section 1983.  In addition, local government units generally are not liable under Section 1983 on a theory of respondeat superior, which is a theory that seeks to hold a municipal employer liable for the constitutional violations of its employees.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell, 436 U.S. at 690-91, 694.  Further, any claim against a court must also be dismissed, when it arises from an adjudicatory process, on grounds of judicial immunity.  Judicial immunity applies to judges and to the employees assisting judges in the performance of their judicial duties, and allegations that actions were undertaken with bias or improper motive are no less immune under this doctrine.  See Forrester v. White, 484 U.S. 219, 227 (1988); Hughes v. Long, 242 F.3d 121 (3d Cir. 2001).  Finally, if either of the defendants is a prosecutor, a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under Section 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).

A fair reading of the Complaint is that Mr. Caldwell seeks relief against judicial or prosecutorial decisions that occurred while he was in the Vineland Municipal Court.  Such decisions cannot be made the subject of a civil rights claim because of the judicial and prosecutorial immunities outlined above.  If Mr. Caldwell is complaining that he was treated unfairly in the judicial process leading to a conviction, his remedy would be to file an appeal, not a separate civil rights suit.

Accordingly, this Court finds that this Complaint fails to state a claim upon which relief can be granted, and the Complaint shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2).  If Plaintiff is able to cure these deficiencies through an amended complaint which provides context for his allegations, identifies the constitutional right or rights that he alleges to have been violated, identifies each of these defendants and his role in violating these rights, and provides the grounds upon which the claim is based, then plaintiff may file such an amended complaint within twenty (20) days of the entry of this Memorandum Opinion and accompanying Order.

The accompanying Order will be entered dismissing this case without prejudice.

**March 14, 2011**                                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      United States District Judge