```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAHIM R. CALDWELL,   Plaintiff,   v.   VINELAND POLICE DEPARTMENT, et al.,   Defendants. | HON. JEROME B. SIMANDLE   Civil No. 08-4102 (JBS-AMD)   **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

By Opinion and Order filed March 14, 2011, this Court screened Mr. Caldwell's original Complaint for purposes of 28 U.S.C. § 1915(e)(2). [Docket Item 3]. For reasons expressed in that Opinion, the Court dismissed the Complaint for failure to state a claim upon which relief can be granted, without prejudice to the Plaintiff's opportunity to cure the enumerated deficiencies by filing an Amended Complaint within twenty days of the entry of the accompanying Order. On April 5, 2011, Plaintiff submitted an Amended Complaint [Docket Item 5] which this Court now reviews. Again, since the Amended Complaint is filed *in forma pauperis*, the Court must review the pleading to determine whether the action is frivolous or malicious or fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Amended Complaint provides scarcely any more detail than Mr. Caldwell provided in the initial Complaint. The Amended Complaint states in its entirety:

> Plaintiff Rahim R. Caldwell claims on 8-15-06 or after 8-15-06, the defendants violated his united states constitutional rights under the fourteenth amendment due process, and right to a fair hearing by The defendants municipal prosecutor Scott Pagliughi stating he has a bias and a prejudice against plaintiff and that he is also allowed to have a bias and a prejudice against plaintiff. The defendants statement was in response to plaintiffs request to change venue and transfer the case to another court other than Vineland municipal court, based on plaintiffs claim that plaintiff cannot have a fair trial in Vineland municipal court based on municipal prosecutor has a bias and a prejudice against plaintiff. Vineland municipal court Public defender Jose Velez did nothing in response when plaintiff constitutional rights were violated. Plaintiff requests a trial by jury.

Apparently, Plaintiff was named as a defendant in an unspecified case in the Vineland Municipal Court, where the municipal prosecutor was Defendant, Scott Pagliughi, and Plaintiff's defense counsel was Defendant, Jose Velez, a court-appointed public defender. He alleges he requested a change of venue and transfer of the case to another court other than the Vineland Municipal Court, claiming that he would be denied a fair trial because the municipal prosecutor has a bias and a prejudice against him. The Amended Complaint does not allege whether the

motion to transfer was denied, nor does the complaint allege whether Mr. Caldwell was convicted of the charge.

If we assume he was convicted, this federal court cannot hear his claim for two reasons. First, the direct remedy for a conviction in violation of due process is an appeal to the Superior Court of New Jersey, not to the federal court. The federal court does not have jurisdiction to hear appeals from state court convictions, with the limited exception provided under 28 U.S.C. § 2254 for the review of a state conviction in which the petitioner has exhausted all available state remedies of appeal and post-conviction relief. Second, the Court may not address a claim of deprivation of procedural rights that would necessarily undermine a state court verdict, unless the Plaintiff has first succeeded in setting aside his state court conviction on appeal or post-conviction relief. Heck v. Humphrey, 512 U.S. 477 (1994). In this case, if Plaintiff is alleging that he was deprived of the right to a fair trial, this federal court cannot hear that claim without necessarily implicating the fairness of his state court conviction, and accordingly, this case must be dismissed.

Even if the Plaintiff was not convicted in the Vineland Municipal Court, this case must be dismissed on grounds of immunity. The Plaintiff seeks relief against the Vineland Municipal Court, the municipal prosecutor, and his appointed

3

defense attorney.  All three entities are immune from suit for monetary damages under 42 U.S.C. § 1983 in federal court.  The Eleventh Amendment protects states and their agencies and departments from suits in federal court regardless of the type of relief sought.  Pennhurst State School v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  To the extent that Mr. Caldwell sues Mr. Pagliughi in his official capacity as a municipal prosecutor, Eleventh Amendment immunity protects this defendant.  Moreover, Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

 To the extent that Mr. Caldwell might be attempting to sue Mr. Pagliughi and Mr. Velez in their individual capacities, they are similarly immune.  First, a prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing criminal prosecution is not amenable to suit under Section 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Therefore, acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, or which occur in the course of his role as an advocate for the prosecution, are entitled to the protections of absolute immunity.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Thus, the Amended Complaint will be

4

dismissed as against defendant Pagliughi because he is immune from suit.

Court-appointed counsel, including public defenders, are also absolutely immune from civil liability under Section 1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Furthermore, a defense attorney is also entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers are not "state actors" for purposes of Section 1983 liability. Thus, as the Supreme Court has held, "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). This applies equally to a public defender performing a defense lawyer's traditional functions, as in this case. Id., 454 U.S. at 325. Thus, the Amended Complaint against defendant Velez must also be dismissed on grounds of immunity and failure to state a claim.

In conclusion, Plaintiff's Amended Complaint fails to survive screening under 28 U.S.C. § 1915(e)(2), and it will be dismissed. The Amended Complaint fails to state a claim upon which relief may be granted and it seeks relief against defendants who are each immune from liability under federal law. Plaintiff has been given the opportunity to correct these

deficiencies in the past, he has not done so, and the dismissal with therefore be with prejudice.

The accompanying Order will be entered.


**April 28, 2011**                           **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge